NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0084n.06

No. 13-1089

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 30, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MATTHEW BROWN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GIBBONS, and COOK, Circuit Judges.

PER CURIAM. Matthew Brown appeals the district court's judgment of conviction and sentence.

A jury found Brown guilty of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The district court sentenced him to concurrent prison terms of sixty months. On appeal, Brown argues that there was insufficient evidence to support his convictions and that the district court erred by excluding certain testimony concerning the details of Brown's interview with federal agents.

Brown first argues that there was insufficient evidence to support his convictions for possessing and receiving child pornography. When reviewing sufficiency-of-the-evidence claims, we must determine "whether, after viewing the evidence in the light most favorable to

the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The prosecution presented evidence that an FBI agent used a file-sharing program to download twenty-five images of suspected child pornography from a computer in Brown's home. While executing a search warrant at the home, agents interviewed Brown, and they testified that he admitted using the file-sharing program to download and view approximately 100 images of child pornography. Forensic examination of computers in Brown's home revealed images and videos of child pornography and other files demonstrating that the images and videos had been downloaded and that at least some of them had been accessed. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that Brown was guilty of possessing and receiving child pornography.

Brown also argues that the district court erred by excluding testimony from Brown and his wife concerning questions that federal agents asked Brown during his interview and Brown's understanding of the questions, his state of mind, and his responses. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011). An abuse of discretion occurs where the district court relies on clearly erroneous findings of fact, improperly applies the law, or employs an erroneous legal standard. *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012). We will reverse a district court's ruling only where the abuse of discretion has caused more than harmless error. *Marrero*, 651 F.3d at 471.

The district court's decision to exclude the testimony at issue was, at most, harmless error. During his testimony, Brown disputed the agents' testimony that they had asked him certain questions about viewing child pornography, and Brown repeatedly denied that he admitted to the agents that he had viewed or possessed child pornography. Further, during

closing argument, defense counsel argued that the agents had mischaracterized the nature of the questions they asked and that Brown had never admitted to wrongdoing.  Given the evidence and arguments that Brown presented, any error in excluding additional testimony concerning specific questions and responses was harmless because the proposed testimony was unlikely to affect the outcome of the trial.

Accordingly, we affirm the district court's judgment.